**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Bank & Trust, an Arizona corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Mark A. Ramundo; Jane Doe Ramundo, husband and wife,<br><br>    Defendants. | No. CV 08-1193-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Plaintiff Arizona Bank & Trust's Motion Pursuant to Rule 16(f) (Doc. # 9). For the reasons that follow, the Court denies Plaintiff's motion.

## BACKGROUND

In October 2005, Defendant Mark A. Ramundo purchased a parcel of unimproved land, and executed a promissory note and a deed of trust in favor of Plaintiff. Plaintiff alleges that Ramundo defaulted under the promissory note and, as a result, Plaintiff foreclosed its security interest in Ramundo's property. In May 2008, Plaintiff filed the instant action in the Maricopa County Superior Court, seeking from Ramundo the difference between the fair market value of the property and the deficiency balance under the promissory note. In June 2008, Ramundo, self-represented, removed Plaintiff's action to this Court.

In July 2008, Ramundo filed a third-party complaint against certain named third-party defendants. In November 2008, the Court ordered Ramundo to appear and show cause why his third-party complaint should not be dismissed for his failure to properly serve the named defendants pursuant to Federal Rules of Civil Procedure 4. Plaintiff appeared at the show cause hearing, but Ramundo failed to appear. As a consequence, the Court dismissed Ramundo's third-party complaint under Rule 4(m). At the show cause hearing, Plaintiff made an oral motion pursuant to Rule 16(f) to strike Ramundo's Answer and enter judgment against Ramundo for his failure to appear at the show cause hearing. The Court denied Plaintiff's oral motion, but directed Plaintiff to file its motion in writing, at which time the Court would consider the motion.

**ANALYSIS**

Plaintiff urges this Court to enter judgment by default against Ramundo or, in the alternative, Plaintiff request the Court to strike Ramundo's answer. As Plaintiff outlines, this Court has authority pursuant to Rule 16(f) and Rule 37(b) to enter sanctions against Ramundo for his failure to attend the show cause hearing. However, the entry of sanctions in such instances falls within the sound discretion of this Court, and upon consideration of Plaintiff's Motion and Ramundo's declaration and response, the Court will not award Plaintiff's requested sanctions. *See Ayers v. City of Richmond*, 895 F.2d 1267, 1269 (9th Cir. 1990) ("An award of sanctions under Fed.R.Civ.P. 16(f) is within the discretion of the district court.").

Ramundo avers that his failure to appear at the show cause hearing was inadvertent, believing that his dismissal of the third-party defendants obviated his need to appear at the show cause hearing. In so doing, Ramundo appears to have relied upon the advice of an attorney representing him in another related case. In order to prevent future confusions, Ramundo has hired counsel to represent him in this action. The Court is not faced with the situation where one party has wilfully disobeyed this Court or repeatedly ignored the Court's directives.

Moreover, Plaintiff has not been prejudiced by Ramundo's failure to appear at the show cause hearing. The purpose of the hearing was for Ramundo to show cause why he had failed to properly serve the third-party defendants. When Ramundo failed to appear, the Court dismissed his third-party complaint. The Court's actions had no direct effect on Plaintiff, nor was Plaintiff prejudiced by Ramundo's failure to appear.

Accordingly,

**IT IS ORDERED** that Plaintiff Arizona Bank & Trust's Motion Pursuant to Rule 16(f) (Doc. # 9) is denied.

DATED this 24th day of June, 2009.

/s/ James A. Teilborg
James A. Teilborg
United States District Judge