**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Bank & Trust, an Arizona corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>Mark A. Ramundo; Jane Doe Ramundo, husband and wife,<br><br>       Defendants. | No. CV 08-1193-PHX-JAT<br><br>**ORDER** |

    Pending before this Court is Plaintiff Arizona Bank & Trust's Motion for Summary Judgment (Doc. # 30) and Defendant Mark A. Ramundo's Response to Plaintiff's Motion for Summary Judgment and, in the Alternative, Motion for Rule 56(f) Relief (Doc. # 39). For the reasons that follow, the Court denies Plaintiff's motion and grants Defendant's motion for Rule 56(f) relief.

**BACKGROUND**

    In October 2005, Defendant Mark A. Ramundo purchased a parcel of unimproved land, and executed a promissory note and a deed of trust in favor of Plaintiff. Plaintiff alleges that Defendant defaulted under the promissory note and, as a result, Plaintiff foreclosed its security interest in Defendant's property. In May 2008, Plaintiff filed the instant action in the Maricopa County Superior Court, seeking from Defendant the difference between the fair market value of the property and the deficiency balance under the

promissory note. In June 2008, Defendant removed Plaintiff's action to this Court. In July 2009, Plaintiff filed a motion for summary judgment, which Defendant opposes and, in the alternative, seeks Rule 56(f) relief.

## ANALYSIS

Rule 56(f) provides a means for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence. *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir. 2002). "Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.' " *Metabolife Int'l, Inc. v. Wornick,* 264 F.3d 832, 846 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5 (1986)). *See also Berkeley v. Home Ins. Co.,* 68 F.3d 1409, 1414 (D.C. Cir. 1995) (stating "the usual generous approach toward granting Rule 56(f) motions"); *Wichita Falls Office Assoc. v. Banc One Corp.,* 978 F.2d 915, 919 n. 4 (5th Cir. 1992) (Rule 56(f) relief "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence" (internal quotation marks and citation omitted)).

In this case, Plaintiff filed its motion for summary judgment before the Court held its Rule 16 scheduling conference and before any discovery had been conducted. "Where . . . a summary judgment motion is filed so early in the case, district courts should grant any Rule 56(f) motions fairly freely." *Burlington N. & Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes,* 323 F .3d 767, 773 (9th Cir. 2003). Based on a review of Plaintiff's motion for summary judgment, the Court finds that Defendant has not yet had the opportunity to discover information that is essential to his opposition. Defendant claims that he made certain payments that were not credited by Plaintiff. Because Plaintiff is seeking a judgment based upon a deficiency due under the promissory note, Defendant's assertion pertaining to

payments not credited by Plaintiff is directly related to the amount of damages available to Plaintiff.

Moreover, Defendant is seeking documents from Plaintiff to determine how Plaintiff calculated the interest it alleges Defendant owes under the promissory note. Plaintiff has not demonstrated how it calculated the interest it is alleging is due under the note. While Plaintiff argues that "the terms of the Note establish the applicable interest rate," Doc. 45 at p. 4, the note itself provides for a variable interest rate and Plaintiff has not submitted any evidence supporting its calculations. Thus, Defendant seeks evidence from Plaintiff as to how Plaintiff calculated the interest owing and what interest rate Plaintiff applied under the note. Such evidence again is related to the amount of damages available to Plaintiff. Given that at the time of the filing of Plaintiff's motion for summary judgment neither party had conducted discovery or exchanged initial disclosures, and given the Ninth Circuit's pronouncement that district courts should grant Rule 56(f) motions "fairly freely," the Court finds that Defendant's requested Rule 56(f) relief should be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff Arizona Bank & Trust's Motion for Summary Judgment (Doc. # 30) is denied without prejudice; that Plaintiff may re-file a motion for summary judgment after the close of discovery but within the dispositive motion deadline as outlined in this Court's Rule 16 Scheduling Order (Doc. # 35).

**IT IS FURTHER ORDERED** that Defendant Mark A. Ramundo's Response to Plaintiff's Motion for Summary Judgment and, in the Alternative, Motion for Rule 56(f) Relief (Doc. # 39) is granted to the extent that he is seeking Rule 56(f) relief.

DATED this 8th day of October, 2009.

James A. Teilborg
United States District Judge