**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Bank & Trust, an Arizona corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>Mark A. Ramundo; Jane Doe Ramundo, husband and wife,<br><br>        Defendants. | No. CV 08-1193-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Arizona Bank & Trust's Motion for Award of Attorneys' Fees and Expenses (Doc. 69). For the reasons that follow, the Court grants Plaintiff's motion.

After a two day bench trial, the Court found that Plaintiff was entitled to a deficiency judgment in the amount of $592,553.64. Plaintiff now seeks its reasonable attorneys' fees an costs.

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(a). In order to award attorneys' fees to Plaintiff under this statute, the Court must find that Plaintiff is the successful party, that the action arose out of a contract, that the award of attorney's fees is appropriate, and that the fees are reasonable.

There is no dispute between parties that the underlying claim arises out of contract. Moreover, Defendant does not dispute Plaintiff is the prevailing party. The only issues left for consideration are the appropriateness of a fee award, and the reasonableness of Plaintiff's requested award.

### *APPROPRIATENESS*

Under Section 12-341.01, the Court *may* award reasonable attorneys' fees. There is no presumption in favor of granting attorneys' fees in contract actions; rather, it is a matter within the discretion of the Court. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1183-84 (Ariz. 1985). The Arizona Supreme Court has propounded six factors that courts must consider when deciding whether to award attorney's fees to a prevailing party: (1) the merits of the unsuccessful party's claim or defense; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) the novelty of the issues; and (6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees. *Id.* at 1184.

First, the Court finds that Defendant failed to assert any tenable defenses to Plaintiff's allegations. Defendant did not dispute at trial that he owed the alleged amount due under the promissory note. In support of his lone defense, Defendant did not cite any controlling law for his theory concerning an alleged breach by Plaintiff and a subsequent recoupment. As such, the Court finds that this factor weighs in favor of awarding attorneys' fees.

Second, given Defendant's admissions at trial, the Court believes litigation could have been avoided. The essential facts were undisputed by Defendant. Although Defendant maintained a theory for setoff or recoupment through trial, and litigants are entitled to a decision on the merits, litigation could have likely been avoided in this case. The Court finds that this factor weighs in favor of awarding fees.

Third, there is no evidence, nor does Defendant so suggest in his opposition to Plaintiff's request for an award of fees, that assessing fees against Defendant will cause him extreme hardship. This factor weighs in favor of awarding fees.

Fourth, Plaintiff prevailed on the entirety of its claims, and judgment was entered for the full amount of the deficiency Plaintiff was seeking. The fourth factor weighs in favor of awarding fees.

Fifth, Plaintiff brought a deficiency judgment claim against Defendant. These matters are adjudicated on a routine basis. Additionally, there was nothing novel about the facts or issues of this particular case. Thus, this factor weighs in favor of awarding attorneys' fees.

Finally, the Court cannot see why an award of attorneys' fees would discourage other parties with tenable claims from defending legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees. Contrary to discouraging the assertion of colorable defenses, awarding attorneys' fees in this case would encourage litigants to put forth the effort to support their defenses with sufficient law and evidence. Awarding attorneys' fees in this case would also have the effect of dissuading litigants from taking a case to trial when there is an insufficient basis for doing so.

Therefore, after considering the six *Warner* factors, the Court finds that an award of attorney's fees is appropriate in this case.

*REASONABLENESS*

The final step in the attorneys' fees analysis is to determine whether the fees sought are reasonable. Plaintiff seeks an award of fees and costs in the amount of $45,641.20. In *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927 (Ariz. Ct. App.1983), the Arizona Court of Appeals held that an attorney's affidavit supporting a fee application should include "the type of legal services provided, the date the service was provided, the attorney providing the service . . . and the time spent in providing the service." 673 P.2d at 932. The affidavit submitted by Plaintiff's counsel sets forth this information with sufficient detail.

1 Nevertheless, Defendant argues that given the simplicity of this case, Plaintiff's 2 requested amount is unreasonable.  Defendant's argument fails as a matter of law.  "Once a 3 party establishes its entitlement to fees and meets the minimum requirements in its 4 application and affidavit for fees, the burden shifts to the party opposing the fee award to 5 demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight* 6 *Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007).  "[A]n opposing party 7 does not meet [this] burden merely by asserting broad challenges to the application." *State* 8 *ex rel. Corbin v. Tocco*, 845 P.2d 513, 520 (Ariz. Ct. App.1992).

9 Defendant did not present specific objections to the reasonableness of the fees 10 requested. Rather, Defendant argues generally that "this case could have been handled in a 11 much more efficient manner that did not cost in excess of $44,000." (Doc. 70 at p. 2.)  In its 12 reply to Defendant's objection to the fee application, Plaintiff gave an adequate explanation 13 of why the fees were in proportion to the alleged simplicity of this case.  The Court finds that 14 Defendant has failed to demonstrate the unreasonableness of the requested fees.

15 Accordingly,

16 **IT IS ORDERED** that Plaintiff Arizona Bank & Trust's Motion for Award of 17 Attorneys' Fees and Expenses (Doc. 69) is granted.

18 **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in the 19 amount of $45,641.20, plus interest from the date of judgment until paid, in favor of the 20 Plaintiff and against the Defendant.

21 DATED this 28th day of September, 2010.

James A. Teilborg
United States District Judge